IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANTHONY PAPARO, | CIVIL ACTION |
|---|---|
| v. | NO. 22-841 |
| BOROUGH OF YEADON, SHARON COUNCIL-HARRIS, Individually and as PRESIDENT OF YEADON BOROUGH COUNCIL; LEARIN JOHNSON, Individually and as VICE PRESIDENT OF YEADON BOROUGH COUNCIL; TOMEKA JONES-WATERS, Individually and as PRESIDENT PRO TEMPORE OF YEADON BOROUGH COUNCIL, and CARLETTE BROOKS, Individually and as a Member of YEADON BOROUGH COUNCIL. | |

MEMORANDUM RE: DEFENDANTS' MOTION TO DISMISS

**Baylson, J.**                                                                                           **October 7, 2022**

Plaintiff Anthony Paparo brings a race discrimination claim against his former employer, the Borough of Yeadon, after he was removed from his position as Chief of Police for the Borough of Yeadon. (Am. Compl. (ECF 10).) Plaintiff alleges that he, a white man, was fired on the basis of his race. (Id. at ¶¶ 4-5.) Plaintiff alleges that the justifications provided by Defendants for firing Plaintiff are false and defamatory; that the hearing provided to him violated his right to procedural due process; and that the Defendants have retaliated against him. (Id. at ¶¶ 10, 99-121.)

Defendant Borough of Yeadon and Defendants Sharon Council-Harris, Learin Johnson, Tomeka Jones-Waters, and Carlette Brooks (the "Individual Defendants") (together, "Defendants") argue that Defendants are immune from the state law claims of defamation and false light privacy, that Plaintiff was given an adequate due process hearing, and that Plaintiff fails

1

to adequately plead a § 1981 (through § 1983) claim against Defendant Borough of Yeadon. (Motion for Partial Dismissal ("Mot. to Dismiss," ECF 11) at 7-8, 12-16, 17-18.) Finally, Defendants argue that portions of the Amended Complaint must be stricken for "inclusion of scandalous and impertinent matter." (Id. at 18-19.)

Plaintiff replies, arguing that Plaintiff adequately pleaded that Individual Defendants had final authority to establish official policy, satisfying the elements of a Monell claim; that the due process hearing afforded him was inherently tainted so as to violate his right to procedural due process; and that the Individual Defendants are not entitled to immunity. (Plaintiff's Response in Opposition ("Pl.'s Resp.," ECF 12) at 16-17, 19-21, 23-24.)

I. RELEVANT FACTUAL BACKGROUND

Plaintiff alleges that he, a white man, was fired on the basis of his race after four Black Members of the Yeadon Borough Council (the Individual Defendants) voted to remove him from his position as Chief of Police under false pretenses. (Am. Compl. ¶¶ 4-6.) Plaintiff alleges that the four Individual Defendants, particularly Defendant Learin Johnson, made numerous comments about their intent to fire Plaintiff and replace him with a Black Chief of Police. (Id. at ¶ 5.) Plaintiff alleges that the Individual Defendants then began to spread false and defamatory information about Plaintiff, including that Plaintiff had mismanaged taxpayer funds and violated Borough law. (Id. at ¶¶ 9, 57-61.) These statements consisted of posters presented at a February 10, 2022 Council meeting and a "Truth Matters Fact Sheet" that was distributed by the Individual Defendants and published on Defendant Borough of Yeadon's website after Plaintiff was terminated. (Id. at ¶¶ 83-88, 108-116.)

At the February 10, 2022 Council meeting, Plaintiff alleged that he demanded a name-clearing hearing in order to respond to the allegations raised by the Individual Defendants. (Id.

at ¶¶ 89-91.)  The Council agreed to grant him a "due process hearing," which was scheduled for February 17, 2022.  (Id. at ¶ 91.)  Plaintiff argues that the February 17, 2022 hearing violated his right to procedural due process because the majority of the deciding Borough Council consisted of the Individual Defendants, rendering the Board inherently biased against Plaintiff and unlawfully mingling the Council's investigatory and adjudicatory functions. (Id. at ¶ 97.)  Plaintiff also claims that the hearing lacked due process because it took place without any witnesses or documents being presented in support of the accusations, without Plaintiff being given the opportunity to answer questions, and without any discussion or renderings of findings of fact or conclusions of law.  (Am. Compl. ¶¶ 10, 96.)

Plaintiff alleges that the Defendants have engaged in retaliation against him, including unpaid wages, defamation, false light privacy, and allegations of theft.  (Id. at ¶¶ 99-121.)  Plaintiff claims damages consisting of lost wages, benefits, and pension credits; irreparable harm to his reputation; and physical pain and suffering.  (Id. at 38-39.)

## II. PROCEDURAL HISTORY

Plaintiff brings the following claims against the Borough of Yeadon and the Individual Defendants:

- **Count I**: Violations of Plaintiff's right to equal employment under 42 U.S.C. §§ 1981 and 1983 against the Borough of Yeadon;

- **Count II**: Violations of Plaintiff's right to equal employment under 42 U.S.C. §§ 1981 and 1983 against the Individual Defendants;

- **Count III**: Violation of 42 U.S.C. § 1985(3) against the Individual Defendants;

- **Count IV**: Violation of Plaintiff's due process right to a fair and impartial process hearing against all Defendants;

- **Count V**: Retaliation in violation of federal law against all Defendants;

- **Count VI**: Defamation against all Defendants;

- **Count VII**: False Light Privacy against all Defendants;

- **Count VIII**: Violation of the Pennsylvania Wage Payment and Collection Law against all Defendants.

Defendants filed a Motion to Dismiss Counts I, IV, VI, and VII, and a concurrent Motion to "strike impertinent language" contained in the Amended Complaint. (Mot. to Dismiss.) Defendants argue that the decision to fire Plaintiff was driven by concerns over Plaintiff's "improper use of overtime and hiring of numerous part time employees in violation of [a] Collective Bargaining Agreement." (Mot. to Dismiss at 3.)

Regarding Counts VI and VII (Plaintiff's claim of defamation and false light privacy, respectively), Defendants argue that the Borough of Yeadon has immunity under Pennsylvania law for intentional torts. (Id. at 7-8.) Defendants also claim high public official immunity for the Individual Defendants. (Id. at 15-16.)

Defendants argue that Count IV (Plaintiff's procedural due process claim) is without merit and should be dismissed (firstly) because the Pennsylvania Borough Code required all members to vote, (secondly) because Plaintiff was an at-will employee with no property interest in his job, and (thirdly) because the hearing was sufficient to meet due process requirements. (Id. at 9-12.) Defendants also claim that Plaintiff has failed to allege damage to his reputation. (Id. at 13-14.)

Regarding Count I, Defendants argue that Plaintiff has failed to set forth a viable §§ 1981 and 1983 claim because Plaintiff has not established that the Borough of Yeadon's policies and customs are discriminatory and violate Plaintiff's constitutional rights, as required under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978). (Id. at 17-18.)

Finally, Defendants argue that portions of the Amended Complaint must be stricken for "inclusion of scandalous and impertinent matter." (Id. at 18-19.) Defendants specifically point to the opening quote and citation to McDonald v. Santa Fe Trial Trans. Co., 427 U.S. 273 (1976), and the assertions made in ¶¶ 1-4 (summarizing the positive aspects of Plaintiff's employment) and ¶¶ 28-29 (providing a summary of Plaintiff's "accomplishments"). (Id. at 19.)

Plaintiff responded to Defendants' Motion to Dismiss. With regards to Count I, Plaintiff argues that he has properly pleaded his §§ 1981 and 1983 claim in accordance with Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) because he has alleged that the Individual Defendants had sufficient authority to render their behavior an act of official government policy. (Pl's Resp. at 16-17.)

With regard to Count IV, Plaintiff argues that he had a "liberty" interest rather than a property interest in his employment and has adequately pleaded that claim. (Id. at 18-19.) Plaintiff also argues that the Borough Code requiring that the Members of Council vote on Plaintiff's employment and that Plaintiff demand a name-clearing hearing cannot be used to counter his constitutional interest in due process and cannot cure the inherent bias of the decisionmakers. (Id. at 19-20.) Plaintiff argues that the rule of necessity is not applicable. (Id. at 21.)

With regards to Counts VI and VII, Plaintiff argues that the Individual Defendants' statements resulting in the alleged defamation and false light privacy were not subject to high public official immunity because the statements in question were made after Plaintiff had been fired, on social media, and not in the course of any official business. (Id. at 23-26.) Finally, Plaintiff argues that Defendants' Motion to Strike is meritless. (Id. at 27-28.)

Upon review of the record and arguments made by the parties as well as the relevant case law, the Court will deny the Motion to Dismiss as to Count I (the §§ 1981 and 1983 claim against

the Borough of Yeadon), Count IV (the due process claim against all Defendants), and Counts VI and VII as to the Individual Defendants (the state law claims of defamation and false light privacy), but the Court will grant the Motion to Dismiss as to Counts VI and VII against the Borough of Yeadon. The Court will also deny the Motion to Strike.

### III.    STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts all factual allegations as true and views them in a light most favorable to the plaintiff. Doe v. Univ. of the Scis., 961 F.3d 203, 208 (3d Cir. 2020). To survive this motion, a plaintiff must include sufficient facts in the complaint that, accepted as true, "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Any legal claims asserted must be supported by these factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint is insufficient if it suggests only the "mere possibility of misconduct" or is a "[t]hreadbare recital[ ] of the elements of a cause of action, supported by mere conclusory statements." Id. at 678-79 (citing Twombly, 550 U.S. at 555).

Under Rule 12(f), a court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Generally, a Rule 12(f) motion to strike is disfavored. United States v. Viola, No. 02-cv-9014, 2003 WL 21545108, at *3 (E.D. Pa. July 7, 2003) (Kelly, J.). "An allegation is impertinent or immaterial if it ha[s] no possible relationship to the controversy . . . and scandalous if it reflect[s] cruelly upon the [other party's] moral character, use[s] repulsive language, or detract[s] from the dignity of the court." Lawrence v. City of Bethlehem, No. 97-cv-1824, 1998 WL 964214, at *4 (E.D. Pa. Oct. 30, 1998) (Gawthrop, J.). They are "often not granted if there is an absence of a showing of prejudice to the moving party." Id.

IV.     **DISCUSSION**

       a. **Count I for Violation of 42 U.S.C. §§ 1981 and 1983**

A municipality as an entity may be sued where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dept. of Social Servs. of City of New York, 436 U.S. 658, 690 (1978). To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. See Monell, 436 U.S. at 694; Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. McTernan v. City of York, 564 F.3d 636, 658 (3d Cir. 2009). "A policy need not be passed by a legislative body, or even be in writing, to constitute an official policy for the purposes of § 1983. A pertinent decision by an official with decision-making authority on the subject constitutes official policy." Porter v. City of Philadelphia, 975 F.3d 374, 383 (3d Cir. 2020). "If the decision to adopt that particular course of action is properly made by that government's authorized decision makers, it surely represents an act of official government 'policy' as that term is commonly understood." Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986).

Viewing the facts in a light most favorable to Plaintiff, Plaintiff has adequately alleged that Yeadon's Borough Council has "final authority" to appoint and terminate the Borough's Chief of Police. (Am. Compl. ¶¶ 23, 129.) Plaintiff further alleges that the Borough of Yeadon, by and through the Borough Council consisting of the Individual Defendants and three other people, issued a decision regarding Plaintiff's employment that violated Plaintiff's right to equal employment under 42 U.S.C. §§ 1981 and 1983. (Id. at ¶¶ 95, 128, 130.) As such, Plaintiff has

satisfied the requirement to plead the existence of a specific act of government that constitutes a "policy" under Monell.  These allegations are sufficient to establish a Monell claim under 42 U.S.C. §§ 1981 and 1983 at this stage in the proceedings.  Defendants' Motion to Dismiss as to Count I will be denied.

### b. Count IV Regarding Procedural Due Process

To state a claim for deprivation of procedural due process, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of "life, liberty, or property," and (2) the procedures available to him did not provide "due process of law."  Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006).  "[A] public employee who is defamed in the course of being terminated or constructively discharged satisfies the 'stigma-plus' test even if, as a matter of state law, he lacks a property interest in the job he lost."  Id. at 238.  Defendants' argument that Plaintiff does not have a property interest in his employment and therefore is not entitled to due process (Mot. to Dismiss at 10-11) is, consequently, unconvincing.

"To make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation *plus* deprivation of some additional right or interest."  Hill, 455 F.3d at 236 (emphasis original).  To satisfy the "stigma" prong of the test, a plaintiff must allege that the purported stigmatizing statements (1) were made publicly, and (2) were false.  Id.  To satisfy the "plus" prong of the test, a plaintiff must allege that the stigma occurred in connection with the alteration or extinguishment of a right or status previously held, and that he was deprived of the process he was due – namely, a name-clearing hearing.  Id. at 239.  "[A] public employee who is defamed in the course of being terminated or constructively discharged satisfies the 'stigma-plus' test[.]"  Id. at 238.

Plaintiff alleges that he was deprived of his liberty interest in his reputation and that Defendants "failed to provide [Plaintiff] with a fair, impartial, non-biased name clearing hearing[.]" (Am. Compl. ¶¶ 146-49.) Plaintiff alleges that the statements at issue were made publicly, specifically pointing to the publicly displayed posters presented at the February 10, 2022 Council meeting and the "Truth Matters Fact Sheet" pamphlet published online. (Id. at ¶¶ 83-88, 108-115.) Plaintiff also alleges that all these statements were false and defamatory: specifically, Plaintiff alleges that the posters falsely suggested that the Plaintiff had violated contracts which resulted in misuse of taxpayer funders and "ma[d]e it appear that [Plaintiff] was a thief," and that the "Truth Matters Fact Sheet" presented misleading and false claims that Plaintiff had violated contracts and local rules while employed as Chief of Police. (Id. at ¶¶ 85, 86, 88, 114-18, 123.) Taken as true and in a light most favorable to Plaintiff, he has adequately pleaded facts necessary to satisfy the "stigma" prong of the "stigma-plus" test.

Addressing the "plus" prong, Plaintiff alleges that the statements were made in connection with the Council's decision to terminate Plaintiff's employment as Chief of Police. Specifically, Plaintiff alleges that the statements made by Defendants were made for the sole purpose of providing pretext for the Council's decision to terminate Plaintiff's employment, both leading up to the decision, and afterwards to justify the Council's decision. (Id. at ¶¶ 9, 71-82, 115.) Plaintiff has therefore adequately pleaded that the statements in question were made in connection with his loss of employment. Hill, 455 F.3d at 238.

Once a plaintiff has established that he was deprived of an individual interest, he must show that the procedures afforded him did not provide due process of the law. Id. at 233-34. In the Eastern District of Pennsylvania, a plaintiff is required to plead that a timely request for a name-clearing hearing was made and that the request was denied. Berkery v. Wissahickon School. Bd.,

9

99 F. Supp. 3d 563, 572-73 (E.D. Pa. 2015). Alternatively, the name-clearing hearing requirement may be satisfied by a pre-termination hearing or similar due process proceeding. Id. Plaintiff alleges that he requested a name-clearing hearing, but that the February 17, 2022 "due process hearing" did not afford him due process of the law because the hearing was not impartial or non-biased. (Pl.'s Resp. at 19-20; see also Am. Compl. ¶¶ 94-98, 148-152.)

Where employees are entitled to a name-clearing or pre-termination hearing, the employee must be given "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present [the employee's] side of the story." Berkery, 99 F. Supp. 3d at 571 (citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 545-46 (1985)), see also Lyness v. Com., State Bd. of Medicine, 605 A.2d 1204, 1207 (Pa. 1992) ("[T]he basic elements of procedural due process are adequate notice, opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction of the case."). Notice is sufficient "if it appraises the employee of the nature of the charges, the general evidence against the employee, and is timely[.]" Berkery, 99 F. Supp. 3d at 571 (citing Gniotek v. Philadelphia, 808 F.2d 241, 244 (3d Cir. 1986)). The opportunity to be heard "must be granted at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U.S. 545, 552 (1965). An employee need not be informed of all the evidence presented against him, but rather the general substance of it. Gniotik, 808 F.2d at 244.

Facially, the hearing provided on February 17, 2022 satisfied these due process requirements. As alleged in the Amended Complaint, Plaintiff was alerted to the nature of the evidence against him in the February 10, 2022 meeting. (Am. Compl. ¶¶ 83-88.) At the February 10, 2022 meeting, Plaintiff requested and was granted a "due process" hearing, scheduled for February 17, 2022, which gave Plaintiff a week to prepare. (Id. at ¶¶ 90-91, 148.) At the hearing,

Plaintiff alleges that he was given the opportunity to provide a "lengthy, detailed account of his accomplishments, his dedication to the town of Yeadon, and the reasons why he, with the Mayor's approval, hired part-time officers to keep Yeadon safe during periods of significant staff shortages and during the civil unrest . . . that roiled Yeadon and its adjacent communities." (Id. at ¶ 96.) As such, the pleadings reflect that Plaintiff was given notice of the charges against him, a general explanation of his employer's charges against him, and opportunity to present his side of the story.

Plaintiff's claim that his right to procedural due process was violated hinges on (1) his argument that the Council was inherently biased against him due to their racial bias and "prejudgment," and (2) his argument that the Borough Council inappropriately comingled its investigatory and adjudicatory roles. (Pl.'s Resp. at 24.) The Third Circuit recognizes "two kinds of procedural due process violations: those that arise from insufficient procedural safeguards and those that arise from decisionmaker bias." United Retail & Wholesale Emps. Teamster Union Local No. 115 Pension Plan v. Yahn Mc Donnell, Inc., 787 F.2d 128, 137-38 (3d Cir. 1986), abrogated on other grounds by Concrete Pipe & Prods. of Cal. Inc. v. Constr. Laborers Pension Trust for S. Cal., 508 U.S. 602 (1993).

"[A]n unconstitutional potential for bias exists when the same person serves as both accuser and adjudicator in a case." Williams v. Pennsylvania, 579 U.S. 1, 8 (2016) (citing In re Murchison, 349 U.S. 133, 136-37 (1955)); see also Lyness v. Com., State Bd. of Medicine, 605 A.2d 1204, 1208 (Pa. 1992). To show insufficient procedural safeguards, a plaintiff "does not need to prove a stacked deck to prevail; rather, all []he needs to establish is that the [adjudicatory panel] was infected with 'the appearance of non-objectivity.'" Purcell v. Reading School District, 167 A.3d 216, 226 (Pa. Commw. Ct. 2017) (citing Lyness, 605 A.2d at 1210); see also Withrow v. Larkin, 421 U.S. 35, 54 (1975) (requiring a showing of "evidence of bias or risk of bias or prejudgment"

11

or a "specific foundation . . . for suspecting that the Board had been prejudiced by its investigation or would be disabled from hearing and deciding on the basis of the evidence[.]").

To adequately allege decisionmaker bias, a plaintiff must make "a sufficient showing of [decisionmaker] bias" and allege that the bias was not eliminated due to limitations placed on the decisionmaker's discretion or availability of review. United Retail, 787 F.2d at 138. Decisionmaker bias may be alleged by showing that the adjudicator demonstrated a predisposition on the issue. Kimberly-Clark PA, LLC v. Del. Cnty. Reg'l Water Quality Control Auth., 527 F. Supp. 2d 430, 437 (E.D. Pa. 2007) (Savage, J.).

Plaintiff has adequately pleaded facts that, if taken as true, would raise concerns of bias on the part of the Individual Defendants, and through them, the Borough of Yeadon. Plaintiff has adequately alleged that the Individual Defendants had expressed personal bias and prejudgment on the matter of Plaintiff's employment. Specifically, Plaintiff alleges that the Individual Defendants were motivated to remove Plaintiff from his position as Chief of Police in order to replace him with a Black Chief of Police. (Am. Compl. ¶¶ 34-35, 37, 39-42, 51, 89.) Plaintiff also details the Individual Defendants' efforts to find a Black replacement for Plaintiff before they had investigated or ruled upon any justification to terminate Plaintiff's employment. (Am. Compl. ¶¶ 37, 39-42, 44-45, 47-48, 51.) Additionally, Plaintiff alleges that the Individual Defendants attempted to pressure Plaintiff to resign. (Am. Compl. ¶ 66-69.) As such, Plaintiff has adequately pleaded that Defendants were motivated by improper bias and prejudgment against Plaintiff. Read in a light most favorable to Plaintiff, the Amended Complaint also alleges that the discretion afforded the Borough Council enabled the Individual Defendants to act on that bias without limitation. Specifically, Plaintiff alleges that the four Individual Defendants, by constituting a majority of the Borough Council, were able to push through a vote and were unchecked by the

12

three other Borough Council members or by the Mayor of Yeadon.  (Am. Compl. ¶¶ 37-38, 41-43, 51-52, 83-84, 93-95.)

Plaintiff has also raised allegations which satisfy the preliminary pleading requirements to bring a claim of insufficient procedural safeguards.  Plaintiff alleges that Defendants investigated Plaintiff's alleged misconduct, and also acted as adjudicator on those same allegations at the March 17, 2022 "due process hearing."  (Am. Compl. ¶¶ 70-73, 82, 84-89.)  Taken together, these two allegations establish a claim that the February 17, 2022 hearing failed to provide Plaintiff with sufficient due process, and that the process provided was "infected with the appearance of non-objectivity."  Purcell, 167 A.3d at 225.  While Defendants raise a number of defenses, including the rule of necessity and that the hearing sufficiently met due process requirements (Mot. to Dismiss at 8-9, 12-14), it would not be appropriate to consider those issues without first allowing discovery.  The Motion to Dismiss as to Count IV will be denied.

    **c. Claims VI and VII under Pennsylvania Law**

        **i. Defendant Borough of Yeadon's Claim of Immunity**

Defendants argue that Defendant Borough of Yeadon is immune from intentional tort claims.  (Mot. to Dismiss at 7-8.)  Plaintiff concedes this point.  (Pl.'s Resp. at 24 n.8.)  Because there is no dispute between the parties on this issue, Defendants' Motion to Dismiss Claims VI and VII with regard to Defendant Borough of Yeadon will be granted.

        **ii. The Individual Defendants' Claims of High Public Official Immunity**

Pennsylvania "exempts a high public official from all civil suits for damages arising out of false defamatory statements and even from statements or actions motivated by malice, provided the statements are made or the actions are taken in the course of the official's duties or powers."  Smith v. Borough of Dunmore, 633 F.3d 176, 181 (3d Cir. 2011).  Individual defendants are

protected from tort claims if it is apparent from the face of the complaint that (1) they qualify as high public officials, and (2) the "allegedly actionable behavior was made in the course of their official duties." Osiris Enters. v. Borough of Whitehall, 877 A.2d 560, 567 (Pa. Commw. Ct. 2005). In applying the second element to a defamation claim, Pennsylvania courts evaluate certain factors to "determine whether the statements are closely related to the official's legitimate duties: (1) the formality of the forum in which the words were spoken or published; and (2) the relationship of the legitimate subject of governmental concern to the person seeking damages for the defamatory utterance." Id. at 568.

Defendants argue that the Individual Defendants are immune from liability on Plaintiff's state tort claims of defamation and false light invasion of privacy because the alleged statements were made at a Council meeting and in the course of the Individual Defendants' official duties. (Mot. to Dismiss at 15-16.) Plaintiff argues that the statements at issue were made after the Council meeting in question and outside the course of the Individual Defendants' duties and scope of authority. (Pl.'s Resp. at 23-27.) Specifically, Plaintiff argues that the "Truth Matters Fact Sheet" pamphlet was published and distributed both on the Borough of Yeadon's website and through social media after the February 17, 2022 hearing, and that the Individual Defendants accused Plaintiff of removing files without permission after his termination. (Id.)

Because the record is not sufficiently developed to determine whether the statements were made in course of the Individual Defendants' official duties, it would be premature to determine the issue here. See, e.g. Sottosanti-Mack v. Reinhart, 173 F. Supp. 3d 94, 103-04 (E.D. Pa. 2016) (Perkin, J.) (finding that it would not be appropriate to determine immunity prior to discovery). Taking the factual allegations as true, there are enough allegations contained in the pleadings to suggest that at least some of the relevant statements were made outside the scope of Individual

Defendants' official duties. As such, the Motion to Dismiss as to Counts VI and VII with regard to Individual Defendants will be denied.

### d. Motion to Strike Under Rule 12(f)

Defendants argue that certain paragraphs should be stricken from the Amended Complaint on the grounds that they are immaterial, irrelevant, and impertinent. (Mot. to Dismiss at 18-19.) Plaintiff responds that the contested portions of the Amended Complaint are relevant to Plaintiff's claims, and that Defendants' motion is meritless. (Pl.'s Resp. in Opp. at 27-30.) Defendants' argument on this issue is not persuasive. The language is material and relevant as giving background and context to Plaintiff's employment and the events alleged in the Amended Complaint, and the language is not impertinent. The Motion to Strike will be denied.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is denied as to Count I (the §§ 1981 and 1983 claim against the Borough of Yeadon), Count IV (the due process claim against all Defendants), and Counts VI and VII with regard to the Individual Defendants (the state law claims of defamation and false light privacy). Defendants' Motion to Dismiss is granted as to Counts VI and VII with regard to the Borough of Yeadon. Defendants' Motion to Strike is denied. An appropriate order follows.

O:\Carolyn.2022\22-841 Paparo v. Yeadon\MtD\Paparo Memorandum in Support of Order on Motion to Dismiss 22-841.docx